## INDUST. COMM. v. DAVISON.

Ohio Supreme Court.

No. 20580. Decided March 14, 1928.

Error to Seneca Appeals.

Judgment affirmed.

**456. EMPLOYER AND EMPLOYE—1283. Workmen's Compensation.**

1. Fact that regular employe is injured in course of employment both with regular employer and in course

(Continued on Page 190)

```
┌─────────────────────────────────────────────┐
│             STATE SUPREME COURT              │
│      NEW CASES, PROCEEDINGS AND DECISIONS    │
└─────────────────────────────────────────────┘
```

# STATE SUPREME COURT

## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of NEW CASES DOCKETED

### March 7, 1928

21000—Sam D. Schearer v. Union Mortgage Co. Motion for Cuyahoga Appeals to certify. J. L. Stern, Cleveland, for pltff; Garfield, Cross, MacGregor, Daoust & Baldwin and Baker, Hostetler & Sidlo, Cleveland, for deft.

21001—Stanlee T. Bates v. Rose Z. Miller. Motion for Cuyahoga Appeals to certify. Boyd, Cannon, Brooks & Wickham, Cleveland, for deft.

21002—Nash Woodland Motor Co. v. Charles F. Lusk. Motion for Cuyahoga Appeals to certify. Davis, Young & Vrooman, Cleveland, for pltff; Stephen M. Young, Cleveland, for deft.

### March 9, 1928

21003—Banana Sales Corp. v. K. J. Chuchanis. Motion for Stark Appeals to certify. Carson, Moore & Howes, Canton, for pltff; C. S. McDowell, Canton, for deft.

21004—North American Coal Corp. v. Raven Coal Co. Motion for Belmont Appeals to certify. N. K. Kennon and Thornburg & Lewis, St. Clairsville, and Taplin & Fillius, Cleveland, for pltff; Heinlein, Lynch & James, Bridgeport, for deft.

21005—Powhatan Mining Co. v. Raven Coal Co. Motion for Belmont Appeals to certify. N. K. Kennon and Thornburg & Lewis, St. Clairsville, and Taplin & Fillius, Cleveland, for pltff; Heinlein, Lynch & James, Bridgeport, for deft.

21006—Morris Coal Co. v. John Miles et al. Motion for Guernsey Appeals to certify. Taplin & Fillius, Cleveland, and James W. Bell, Cambridge for pltff; Charles S. Sheppard, Cambridge, for defts.

21007—Cleveland Railway Co. v. J. W. Huntington. Motion for Cuyahoga Appeals to certify. Squire, Sanders & Dempsey, Cleveland, for pltff; Anderson & Lamb, Cleveland, for deft.

### March 10, 1928

21008—Gus. Clements v. State of Ohio. Motion for leave to file petition in error to Greene Appeals. F. L. Johnson, Xenia, for pltff; J. Carl Marshall, Xenia, for deft.

21009—City of Bellaire v. Anna Meyer et al. Motion for Belmont Appeals to certify. C. C. Sedgwick, Bellaire, for pltff; Schertzer & Tyler, Bellaire, for defts.

21010—James H. Dusha v. Thomas Machetere. Motion for Lucas Appeals to certify. Doyle & Lewis, Toledo, for pltff; James H. Boyd, Toledo, for deft.

21011—Lydia Lashure v. East Ohio Gas Co. Motion for Cuyahoga Appeals to certify. Bernon, Mulligan, Keeley & LeFever, Cleveland, for pltff; Tolles, Hogsett & Ginn, Cleveland, for deft.

21012—V. L. Ney v. Helen B. French. Motion for Stark Appeals to certify. J. A. Jeffers, Canton, for pltff; J. L. Floyd, Canton, for deft.

### March 12, 1928

21013—Bellaire Land & Development Co. v. City of Bellaire, Ohio, et. Motion for Belmont Appeals to certify. Cooper, Belt, Cooper & Witten, Bellaire, for pltff; C. C. Sedgwick and Schertzer & Tyler; Bellaire, for defts.

### March 13, 1928

21014—State of Ohio ex Ruth Kleinman v. James H. Cleveland. In Prohibition. J. W. Cowell, Cincinnati, for pltff.

21015—George Tablack et v. State of Ohio. Motion for Mahoning Appeals to certify. John A. Willo and Nathan Kaufman, Youngstown, for pltffs; R. L. Thomas, Youngstown, for deft.

21016—Lakewood Country Club Co. v. Szabadsag Print. and Pub. Co. Motion for Cuyahoga Appeals to certify. Davis, Young & Vrooman, Cleveland, for pltff; David J. Miller, and Frank W. Emslie, Cleveland, for deft.

21017—Mary E. Hudson v. Randolph P. Whitehead et. Motion for Lucas Appeals to certify. Boggs & Doty, Toledo and Mulholland & Hartmann, Toledo, for pltff; George A. Bassett, Toledo, for deft.

## PROCEEDINGS OF SUPREME COURT

### Wednesday, March 14, 1928
#### GENERAL DOCKET

20580—Industrial Commission of Ohio v. Clara Davison, Seneca. Judgment affirmed. Dock. 5 Abs. 398.

20584—Meyer Heller v. Standard Accident Insurance Co. Cuyahoga. Judgment affirmed. Dock. 5 Abs. 398.

20592—Max Kazdan v. Garry Stein et al. Cuyahoga. Judgment affirmed. Dock. 5 Abs. 398.

20647—The Commonwealth Oil Co. v. Dora Turk et al, Cuyahoga. Judgment vacated. Dock. 5 Abs. 490.

20702—Joseph Trentman v. Addison D. Cox. Hamilton. Judgment affirmed. Dock. 5 Abs. 522.

20713—Travelers Insurance Co. v. Maggie L. Gath. Butler. Judgment reversed. Dock. 5 Abs. 540.

20822—Stark Electric Railroad Co. v. Public Utilities Commission. Order reversed. Dock. 5 Abs. 781.

20828—G. A. Oyster et al v. Public Utilities Commission. Order affirmed. Dock. 5 Abs. 781.

20890—In re:exceptions of prosecuting attorney in case of state of Ohio v. Mike Popovick, Tuscarawas. Exceptions sustained. Dock. 6 Abs. 29.

20924—Katherine McKee v. Wm. Grief et al. Cuyahoga. Petition in error filed as of right dismissed, no debatable constitutional question involved. Dock. 6 Abs. 61.

20943—State, ex rel. Baron F. Haag v. Dr. R. C. Harkrader et al in mandamus. Demurrer to petition sustained and writ denied. Dock. 6 Abs. 109.

20978—Greenlee S. Hann v. Mary Smith, Hamilton. Petition in error filed as of right dismissed, no debatable constitutional question involved. Dock. 6 Abs. 157.

#### MOTION DOCKET

20924—Katherine McKee v. William Grief et al. Motion by defendant to dismiss petition in error filed as of right. Petition dismissed. Dock. 6 Abs. 61.

20924—Katherine K. McKee v. William Grief et al. Motion by plaintiff for summary order, etc. Motion denied. Dock. 6 Abs. 61.

20943—State, ex rel. Baron F. Haag v. Dr. R. C. Harkrader et al. Demurrer to petition. Demurrer sustained. Dock. 6 Abs. 109.

20947—Stalter & Essex Coal Co. v. William E. Peoples. Motion for an order directing the Court of Ap-

(Continued on Page 192)

(Continued from Page 188)
of casual employment with another employer with consent of regular employer, no bar to recovery from state insurance fund.

2. Employe is in course of employment when he is performing obligation of contract.

3. Accident incident to result of act done while in course of employment, which act is appropriate and helpful to accomplishment of purpose of employment, is hazard of such employment.

ROBINSON, J.

1. The fact that a regular and continuously employed employe of an employer who is subject to the burdens and entitled to the benefits of the workmen's compensation law receives an injury at a time when he is in the course of his employment, both with such employer and in the course of a casual employment with another employer, with the consent of his regular employer, will not prevent him, or, in case of his death, his dependents, from participating in the state insurance fund.

2. An employe is in the course of his employment while he is performing the obligation of his contract of employment.

3. An accident incident to or the result of an act done while in the course of his employment, which act is appropriate and helpful to the accomplishment of the purpose of his employment, is a hazard of such employment.

(Marshall, CJ., Day, Allen and Matthias, JJ., concur.)